"EXHIBIT A"
## INDEX OF MATTERS BEING FILED

1) ALL EXECUTED PROCESS

   i. Notice of Service of Process for Defendant Dolgencorp of Texas, Inc. d/b/a Dollar General

2) ALL PLEADINGS AND ANSWERS TO PLEADINGS

   i. Plaintiff's Original Petition
   ii. Defendant Dolgencorp of Texas, Inc. d/b/a Dollar General's Original Answer and Jury Demand

3) ALL ORDERS SIGNED BY THE STATE JUDGE

   i. No orders were entered.

4) STATE COURT DOCKET SHEET

5) LIST OF ALL COUNSEL OF RECORD, INCLUDING ADDRESSES, TELEPHONE NUMBERS AND PARTIES REPRESENTED

   ATTORNEY FOR PLAINTIFF:
   Luis Vasquez
   TBN: 24104994
   The Law Office of Thomas J. Henry
   5711 University Heights, #101
   San Antonio, Texas 78249
   Tel: (361) 985-0600
   Fax: (361) 985-0601
   luisvasquez-svc@thomasjhenrylaw.com

   ATTORNEY FOR DEFENDANT:
   Erik R. Wollam
   Texas Bar No.: 00788705
   Federal ID: 17663
   Lucero | Wollam, P.L.L.C.
   159 Flat Rock
   Wimberley, Texas 78676
   Telephone: (512) 485-3500
   Facsimile: (512) 485-3501
   Email: ewollam@lucerowollam.com

SCITREG

DELIVERED
3/7/22
By MSMSCCUS
Austin Process, LLC

===========================================================================
CITATION
===========================================================================

THE STATE OF TEXAS

TO: DOLGENCORP OF TEXAS, INC D/B/A DOLLAR GENERAL CORPORATION
REGISTERED AGENT: CORPORATION D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY
211 E. 7TH STREET, SUITE 620
AUSTIN, TX 78701

DEFENDANT, in the hereinafter styled and numbered cause:

YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 454th DISTRICT COURT of Medina County, Texas, to be held at the Courthouse Annex of said County, in the CITY OF HONDO, MEDINA COUNTY, TEXAS, by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in

CAUSE NO: 22-03-27582-CV
STYLED,

FREDDY GUERRERO _____ PLAINTIFF

vs.

DOLGENCORP OF TEXAS, INC D/B/A DOLLAR GENERAL CORPORATION _____ DEFENDANT

filed in said court on the 1st day of MARCH, 2022.

Plaintiff is represented by  LUIS VASQUEZ
          whose address is   THE LAW OFFICE OF THOMAS J. HENRY
                             5711 UNIVERSITY HEIGHTS, #101
                             SAN ANTONIO, TEXAS 78249

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, in Hondo, Texas
ON THIS THE 1st day of MARCH, 2022.



CINDY FOWLER
CINDY FOWLER, CLERK OF THE DISTRICT COURT
MEDINA COUNTY COURTHOUSE ANNEX
1300 AVENUE M, ROOM 201
HONDO, TEXAS 78861

By _____, Deputy MC

************************************************************************
YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 O'CLOCK A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TexasLawHelp.org.
************************************************************************



FILED 3/1/2022 12:43 PM
Cindy Fowler, District Clerk
Medina County, Texas
By: Charles Rine, Deputy
22-03-27582-CV

CAUSE NO. _____

| | | |
|---|---|---|
| FREDDY GUERRERO, *Plaintiff* | § § § § § § § § § | IN THE DISTRICT COURT |
| v. | | _____ JUDICIAL DISTRICT |
| DOLGENCORP OF TEXAS, INC D/B/A DOLLAR GENERAL CORPORATION, *Defendant* | | MEDINA COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff **FREDDY GUERRERO** ("Plaintiff"), and complains of **DOLLAR GENERAL CORPORATION** ("Defendant"), and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery be conducted under Level 3 of Rule 190 Texas Rules of Civil Procedure.

### II.
### PARTIES

2. Plaintiff **FREDDY GUERRERO** is an individual residing in Bexar County, Texas.

3. Defendant **DOLGENCORP OF TEXAS, INC D/B/A DOLLAR GENERAL CORPORATION** is a foreign corporation authorized to do business in the State of Texas and may be served with process through its registered agent, Corporation d/b/a/CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620 Austin, TX 78701.

## III.
## JURISDICTION AND VENUE

4. The Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of the Court. Additionally, the Court has jurisdiction over the parties because Defendant **DOLLAR GENERAL CORPORATION.**, is conducting business in the State of Texas.

5. Venue is proper in Medina County in the cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of the lawsuit occurred in Medina County, Texas.

## IV.
## FACTS

6. On or about April 11, 2021, Plaintiff **FREDDY GUERRERO** was standing looking at items towards the end of an aisle at store #03849 of **DOLLAR GENERAL,** located at 2541 19th Street, Hondo, Texas 78861, when suddenly and without warning to Plaintiff, one of the employees was pushing a cart full of inventory, towards Plaintiff at full force. The employee was not looking at where she was going as she was pushing the cart full of inventory. Because the employee was not looking or paying attention where she was going, the employee struck the Plaintiff's right side of the body. Defendant did not eliminate or give notice of the dangerous condition, which was the cart full of inventory being pushed at full force by a distracted **DOLLAR GENERAL** employee. This caused Plaintiff significant injuries as a result of this incident, which the Plaintiff will have to live with for the rest of his natural life. This event forms the basis of this suit. At all material to the incident made the basis of this lawsuit, Defendant owned and/or controlled premises where the incident occurred.

## V.
## DEFENDANT DOLLAR GENERAL'S

## NEGLIGENTE ACTS AND FAILURES TO ACT

7. Plaintiff would show that Defendant DOLLAR GENERAL was negligent in one or more of the following particulars:

   a. Failing to properly inspect and maintain its premises;
   b. Failing to install proper warnings on its premises;
   c. Failing to install proper signage on its premises;
   d. Failing to warn other tourists, residents, visitors, and other persons at the facility complex of the dangerous condition made the basis of this lawsuit;
   e. Creating the dangerous condition made the basis of this lawsuit;
   f. Failing to properly warn of the known dangerous conditions that caused Plaintiff to be injured;
   g. Failing to barricade or separate the area where the dangerous condition existed;
   h. Failing to remedy, clean, or make safe its premises, or to warn persons in a timely manner of the dangerous condition; and/or.
   i. Failing to keep its premises in proper working order.

8. The condition of the premise at DOLLAR GENERAL owned and/or operated by Defendant was a defect which Defendant reasonably knew or should have known posed a danger to tourist, visitors, and persons like Plaintiff. Despite this knowledge of the hazard, Defendant did not eliminate or give notice of the dangerous condition, which was the cart full of inventory being pushed at full force by a distracted DOLLAR GENERAL employee. Defendant violated their duty to Plaintiff by failing to keep the premise in good and safe condition and free from any defects, including the cart full of inventory being pushed at full force by a distracted employee.

9. Each of these acts and/or omissions, whether taken singularly or in any combination, constitutes negligence, negligence per se, and/or gross negligence which proximately caused the incident and injuries and other losses as specifically set forth herein.

## VI.
## RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY OF DEFENDANT DOLLAR GENERAL

10. Plaintiff would further show that Defendant is liable to Plaintiff for each and every negligent act and/or omission of its employees and/or agent in question under the doctrine of Respondent superior. Specifically, Plaintiff would show that:

   a. Plaintiff was injured as a result of the incident in question;
   b. The employees responsible for the management, stocking, merchandise service of Defendant's premises, including the cart made the basis of this lawsuit, were at all times employees of Defendant;
   c. The incident in question occurred while the employees were acting in the course and scope of their employment with Defendant; and/or,
   d. In furtherance of the business of Defendant.

## VII.
## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION BY DEFENDANT DOLLAR GENERAL

11. Plaintiff would further show that Defendant was negligent in that said Defendant owed Plaintiff a duty to hire, supervise, train and retain competent employees, and that they breached said duty in one or more of the following aspects:

   a. Failing to properly inspect and maintain its premises;
   b. Hiring the employee in question when a reasonable, prudent employer in the same or similar circumstances would not;
   c. Failing to adequately train the employee in question as would a reasonable, prudent employer in the same or similar circumstances;
   d. Failing to adequately supervise the employee in question as would a reasonable, prudent employer in the same or similar circumstances; and/or,
   e. Retaining the employee in question as an employee when a reasonable, prudent employer in the same or similar circumstances would not.

12. Each of these acts and/or omissions, whether taken singularly or in any combination, constitutes negligence, negligence per se, and/or gross negligence which proximately caused the incident and injuries and other losses as specifically set forth herein.

## VIII.
## GROSS NEGLIGENCE OF DEFENDANT DOLLAR GENERAL

13. Plaintiff would further show that the negligent conduct of Defendant was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved and extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, and welfare of Plaintiff and others similarly situated.

## IX.
## PREMISES LIABILITY OF DEFENDANT DOLLAR GENERAL

14. Plaintiff would further show that Defendant was in control of the premises made basis of this suit. Plaintiff was an invitee on the premises, because he entered Defendant's premises with Defendant's knowledge and for the economic benefit of Defendant. As such, Defendant owed Plaintiff a duty of ordinary care to adequately warn of conditions on the premises posing an unreasonable risk of harm or to make the condition reasonably safe. Defendant knew or should have known that employees would be using a cart to transport heavy objects inside the store where the Plaintiff was present, thereby creating a dangerous condition, posing an unreasonable risk of harm to the Plaintiff or others similarly situated. However, Defendant breached their duty of ordinary care to Plaintiff by both failing to warn Plaintiff of the dangerous condition and failing to make the condition reasonably safe. Plaintiff seeks all applicable damages available under Texas law.

## X.
## DAMAGES

15. As a direct result of the conduct of Defendant, Plaintiff **FREDDY GUERRERO** suffered severe injuries. The injuries have had a serious effect on Plaintiff's health and well-being. Some of the effects are permanent and will abide with Plaintiff for a long time into the future, if not for his entire life. These injuries and their ill effects have, in turn, caused Plaintiff's physical and mental conditions to deteriorate generally and the specific injuries and ill effects have caused and

will, in all reasonable probability, cause Plaintiff to suffer consequences and ill effects of the deterioration of his body for long into the future if not for the balance of his natural life. As a result of the nature and consequences of his injury Plaintiff has suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life. By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court and for which this lawsuit is brought.

16. Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

## XI.
## INTEREST

17. Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

## XII.
## DEMAND FOR JURY TRIAL

18. Plaintiff **FREDDY GUERRERO** demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## XIII.
## NOTICE OF SELF-AUTHENTICATION

19. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is

hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XIV.
## DESIGNATED E-SERVICE EMAIL ADDRESS

20. The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: **luisvasquez-svc@thomasjhenrylaw.com**. The email is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## XV.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendant in an amount within the jurisdictional limits of the Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage-earning capacity;
13. Loss of use;
14. Pre-judgment interest;
15. Post-judgment interest; and
16. Exemplary damages.

Respectfully submitted,
THE LAW OFFICE OF THOMAS J. HENRY
5711 University Heights, #101
San Antonio, Texas 78249
Tel. (361) 985-0600
Fax. (361) 985-0601

By: _____

Luis Vasquez
State Bar No. 24104994
*Email: luisvasquez-svc@thomasjhenrylaw.com
* **Service by this email only**
***ATTORNEY FOR PLAINTIFF***

CAUSE NO. 22-03-27582-CV

| | | |
|---|---|---|
| FREDDY GUERRERO | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | 454TH JUDICIAL DISTRICT |
| | § | |
| DOLGENCORP OF TEXAS, INC. D/B/A | § | |
| DOLLAR GENERAL CORPORATION | § | MEDINA COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE COURT:

Defendant, DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL, files this Original Answer to the *Plaintiff's Original Petition* and would respectfully show the Court the following:

## GENERAL DENIAL

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies all allegations contained in the Plaintiff's pleadings and demand proof of every fact and matter essential to the Plaintiff's case.

## FURTHER DEFENSES

2. Answering further, without waiving the foregoing, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts that Plaintiff was negligent and that such comparative fault was a proximate cause and/or the proximate cause of the incident in question and the damages claimed by Plaintiff.

3. Answering further, Defendant asserts that the injuries of which Plaintiff complains may have pre-existed and/or occurred after the incident made the basis of this suit and to the extent Plaintiff failed to follow advice or treatment recommendations of his providers or failed to seek reasonable costs associated with his care, then Defendant asserts he failed to mitigate his damages.

4. Answering further, Defendant asserts the applicability of Chapter 41 of the Texas Civil Practice & Remedies Code, which limits the recovery of medical expenses to the amounts actually paid by or on behalf of the claimant.

5. Answering further, should Plaintiff seek exemplary damages, Defendant asserts all provisions of Chapter 41 of the Texas Civil Practice & Remedies Code and all of its appropriate subsections which limits the amount of exemplary damages which may be awarded.

6. Answering further, Defendant asserts the limitation on recovery set forth in Texas Civil Practice & Remedies Code section 18.091(a) and (b) which limits awards for loss of earning capacity to net loss after federal income tax.

## DENIAL OF CONDITIONS PRECEDENT

7. Answering further, without waiving the foregoing, should Plaintiff assert that all conditions precedent to recovery have occurred, Defendant denies that all conditions precedent entitling Plaintiff to recovery have occurred. Specifically, Defendant has asserted a general denial and Plaintiff carries the burden of proof on all causes of action and the essential elements of each cause of action.

## RULE 193.7 NOTICE

8. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant gives actual notice to Plaintiff that any and all documents produced by Plaintiff in response to written discovery may be used against Plaintiff at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## DEMAND FOR JURY TRIAL

9. Defendant respectfully demands a jury trial of all issues in this cause. Defendant tenders the fee for district court, as required by Texas Government Code § 51.604.

## PRAYER

Defendant DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL, prays that the Plaintiff take nothing by reason of this suit and that the Plaintiff be discharged with his costs and that the Defendant be granted all further relief, both general and special, at law and in equity, to which it may be justly entitled.

        Respectfully submitted,

        **LUCERO │ WOLLAM, P.L.L.C.**

        _____
        ERIK R. WOLLAM
        TBN: 00788705
        JULIE MERCER
        TBN: 24102198
        159 Flat Rock
        Wimberley, Texas 78676
        Telephone: (512) 485-3500
        Facsimile: (512) 485-3501
        Email: ewollam@lucerowollam.com
              jmercer@lucerowollam.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of March, 2022 a true and correct copy of the foregoing was sent or delivered to all parties through counsel of record pursuant to Rule 21a T.R.C.P.

_____
ERIK R. WOLLAM

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back            Location : All Courts  Help

# REGISTER OF ACTIONS
## CASE NO. 22-03-27582-CV

| | | |
|---|---|---|
| FREDDY GUERRERO v. DOLGENCORP OF TEXAS, INC D/B/A DOLLAR GENERAL CORPORATION § § § § § § | Case Type: | **Injury or Damage - Other** |
| | Date Filed: | **03/01/2022** |
| | Location: | |

### PARTY INFORMATION

|  |  | Attorneys |
|---|---|---|
| **Defendant** | **Dolgencorp of Texas, Inc. d/b/a Dollar General Corporation**<br>211 E 7th Street<br>Ste. 620<br>Austin, TX 78701 | |
| **Plaintiff** | **Guerrero, Freddy**<br>5711 University Heights<br>Ste. 101<br>San Antonio, TX 78249 | **Luis Vasquez**<br>*Retained*<br>361-985-0600(W) |

### EVENTS & ORDERS OF THE COURT

OTHER EVENTS AND HEARINGS

| | | | |
|---|---|---|---|
| 03/01/2022 | **Original Petition (OCA)** | | |
| 03/01/2022 | **E-filed Original Petition Document**<br>*Petition* | | |
| 03/01/2022 | **Application**<br>*Request for Process* | | |
| 03/01/2022 | **Docket Sheet** | | |
| 03/01/2022 | **Service**<br>*Citation mailed to atty, served by private process 03/07/22, R&F 03/09/22* | | |
| 03/01/2022 | **Citation** | | |
| | Dolgencorp of Texas, Inc. d/b/a Dollar General Corporation | Served | 03/07/2022 |
| | | Returned | 03/09/2022 |
| 03/09/2022 | **Service**<br>*Return of Service - DOLGENCORP OF TEXAS, INC D/B/A DOLLAR GENERALCORPORATION, served by private process 03/07/22, R&F 03/09/22* | | |

### FINANCIAL INFORMATION

| | | |
|---|---|---|
| **Plaintiff** Guerrero, Freddy | | |
| Total Financial Assessment | | 366.00 |
| Total Payments and Credits | | 366.00 |
| **Balance Due as of 03/18/2022** | | **0.00** |
| 03/01/2022 | Transaction Assessment | 366.00 |
| 03/01/2022 | Efile Electronic Payment   Receipt # 2022-60557         Guerrero, Freddy | (229.00) |
| 03/01/2022 | State Credit | (137.00) |